**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**NEWPAGE CORPORATION, et al.,**

       **Plaintiffs,**

**-v-**

**MAYFIELD CREEK FORESTRY**
**CONSULTANTS, LLC,**

       **Defendant.**

**Case No. 3:14-cv-386**

**Judge Thomas M. Rose**

---

**ENTRY AND ORDER OVERRULING MAYFIELD'S MOTION TO**
**DISMISS/ALTERNATIVE MOTION TO TRANSFER (Doc. #5)**

---

The Complaint in this matter was originally filed in the Court of Common Pleas for Montgomery County, Ohio. It was subsequently removed to this Court by Defendant Mayfield Creek Forestry Consultants ("Mayfield") based upon this Court having diversity jurisdiction. (Doc. #2.) Since the removal, this Court has determined that diversity of citizenship exists and that it has subject matter jurisdiction.

Now before the Court is a Motion To Dismiss/Alternative Motion To Transfer filed by Mayfield. (Doc. #5.) This Motion was initially filed (doc. #3) without attachments and was later refiled to include the attachments (doc. #5). Mayfield's Motion is now fully briefed and ripe for decision.

Mayfield seeks to dismiss the Complaint filed by NewPage Corporation ("NewPage") and Wickliffe Paper Company LLC ("Wickliffe")(collectively the "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Mayfield seeks to transfer this case to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1404. NewPage and

Wickliffe respond that Ohio is the exclusive jurisdiction agreed to by Mayfield pursuant to a contract and venue is proper in Ohio.

Mayfield seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of personal jurisdiction and improper venue. Rule 12(b)(6) provides for dismissal due to failure to state a claim upon which relief may be granted. Rule 12(b)(2) provides for dismissal due to lack of personal jurisdiction and Rule 12(b)(3) provides for dismissal due to improper venue.

Generally, Rules 12(b)(2) and 12(b)(3) are used to dismiss due to lack of personal jurisdiction and improper venue. Further, the Parties have not briefed whether Rule 12(b)(6) applies in this case. However, the resolution of Mayfield's Motion To Dismiss turns only on whether there is an applicable forum selection clause.

## RELEVANT FACTUAL BACKGROUND

NewPage and Wickliffe filed this action on October 9, 2014, for breach of contract and negligence against Mayfield. NewPage is a Delaware Corporation with its principal place of business in Ohio. (Doc. #9.) Wickliffe is a limited liability company whose sole member is NewPage. (Id.) Wickliffe operates a paper and pulp mill in Wickliffe, Kentucky (the "Wickliffe Mill"). (Compl. ¶ 1.) The Wickliffe Mill operates its paper machine and pulp mill continuously, with the exception of only planned and necessary maintenance shutdowns. (Id. at ¶ 11.)

Mayfield is a limited liability company located in Kentucky. (Doc. #6.) It is a forestry consulting company that also provides grounds maintenance services. (Compl. at ¶ 2.) Mayfield does not do business in Ohio. (Affidavit of Greg Dale ("Dale Aff.") ¶ 4 Oct. 30, 2014.)

Wickliffe hired Mayfield to perform grounds maintenance services at the Wickliffe Mill for the years 2009, 2010, 2011 and 2012. (Declaration of Beverly Collins ("Collins Decl.") ¶¶ 5-

7 Dec. 8, 2014.) The grounds maintenance services were performed pursuant to purchase orders issued by Wickliffe to Mayfield for each of those years. (Id.)

On October 11, 2012, a Mayfield employee was clearing brush and trees at the Wickliffe Mill using a small dozer when he decided to push over a tall, leaning tree. (Compl. ¶ 12.) When the leaning tree was pushed over, it contacted an electric line providing power to the Wickliffe Mill. (Id. at ¶ 13.) The result was an instantaneous electrical fault and loss of power to the Wickliffe Mill. (Id.)

Because of this incident, the Wickliffe Mill experienced an interruption in its production and had to expend manpower to investigate and repair the electrical system. (Id. at ¶ 14.) It took about 48 hours to get the Wickliffe Mill back up to full production. (Id.)

When Mayfield refused to compensate NewPage for its alleged damages, NewPage and Wickliffe brought suit against Mayfield for breach of contract and negligence. (Compl.)  The breach-of-contract claim is based upon the purchase order and associated terms and conditions issued by Wickliffe to Mayfield for the year 2012. (Id. at ¶ 6.) One of these alleged terms and conditions, included in the NewPage Terms and Conditions dated May 1, 2005, is a forum selection clause whereby Mayfield agreed to exclusive jurisdiction in Ohio, the application of Ohio law and to personal jurisdiction in Ohio. (Collins Decl. Ex. A-4.)

### APPLICABLE FORUM SELECTION CLAUSE?

Mayfield now wishes to dismiss this matter or transfer venue because the incident which resulted in this lawsuit occurred in Kentucky and not within this District. NewPage and Wickliffe argue that the forum selection clause in the NewPage Terms and Conditions dated May 1, 2005, applies and, therefore, this Court has personal jurisdiction over Mayfield and

venue in this Court is proper. Mayfield responds that no one from Mayfield ever saw or signed the NewPage Terms and Conditions dated May 1, 2005, until the Complaint was filed.

The purchase order at issue here is Purchase Order Number 4550693372 (the "2012 Purchase Order"). It is issued to Mayfield, as the seller, by NewPage, and is dated February 3, 2012.

All four pages of the Purchase Order contain the following statement in bold print in a separate text box at the bottom of the page next to the signature block:

> Acceptance of this order, whether in writing or by shipping goods or performing services, is expressly limited to the most recent NewPage Terms & Conditions dated 5/01/05 which can be found on www.newpagecorp.com. NewPage objects to any contrary term or condition contained in any quotation, proposal, acknowledgment, invoice, or other document originating with your firm unless authorized parties of supplier and NewPage have both signed an agreements with different terms and conditions, in which case that agreement controls.

Also, the first page of the Purchase Order contains the following statement in the "Material Number & Description" section: "NEWPAGE GENERAL TERMS AND CONDITIONS CONTROL ALL WORK PERFORMED UNDER THIS PURCHASE ORDER." Also included here is the statement, "PLEASE ACKNOWLEDGE RECEIPT OF THIS PURCHASE ORDER BY FAXING AN ACKNOWLEDGMENT WITH ANY EXCEPTIONS TO BEVERLY COLLINS…." Finally, next to the statement and in the signature block on the fourth and final page of the Purchase Order appears the signature of Greg A. Dale, who is a partner/co-owner and general manager of Mayfield.

The NewPage Terms and Conditions Effective May 1, 2005, include the following forum selection clause:

> The Contract and all performance there under shall be governed by and construed in accordance with the internal laws of the State of Ohio applicable to agreements

made and wholly performed therein (without giving effect to principles of conflict of law). The parties exclude the application of the United Nations Convention on Contracts for the International Sale of Goods. All disputes arising out of the Contract and all performance there under shall be adjudicated in a court of competent jurisdiction in Ohio, and Seller hereby consents to personal jurisdiction in Ohio. Upon mutual agreement, such disputes may be resolved by arbitration or mediation.

Mayfield argues that the Terms and Conditions Effective May 1, 2005 should not be a part of the Contract. This argument fails, however, because the 2012 Purchase Order expressly incorporates by reference the Terms and Conditions Effective May 1, 2005 into the Parties' Contract. *See Keybank National Association v. Southwest Greens of Ohio, L.L.C.*, 988 N.E.2d 32, 39 (Ohio Ct. App. 2013)(in Ohio, separate agreements may be incorporated by reference into a signed contract). Further, when terms and conditions located on a website are expressly incorporated by reference in a purchase order, courts generally hold that those terms and conditions become a part of the agreement between the parties. *See Infinity Fluids, Corp. v. General Dynamics Land Systems, Inc.*, No. 12-40004-TSH, 2013 WL 3158094 (D. Mass. June 19, 2013); *Magid Glove & Manufacturing Safety Company, LLC v. Tower International, Inc.*, No. 10 C 7377, 2011 WL 1118883 (N.D. Ill. Mar. 25, 2011); *Spartech CMD, LLC v. International Automotive Components Group North America, Inc.*, No. 08-13234, 2009 WL 440905 (E.D. Mich. Feb. 23, 2009); *Pentecostal Temple Church v. Streaming Faith, LLC*, No. 08-554, 2008 WL 4279842 (W.D. Pa. Sept. 16, 2008).

Mayfield further argues that it was surprised and will be hardshipped by the incorporation of the Terms and Conditions Effective May 1, 2005 because it was never presented with the Terms and Conditions Effective May 1, 2005. This argument too fails because the language incorporating the Terms and Conditions Effective May 1, 2005 is plain, clear and

conspicuous in the Purchase Order that Mayfield signed and Mayfield did not notify NewPage of any exceptions nor did Mayfield ask for a copy of the Terms and Conditions Effective May 1, 2005. (Collins Decl. ¶ 8.) Finally, because Mayfield does not deny that it signed the Purchase Order, it is presumed to have known all of the contents of the Purchase Order and to have assented to them. *Discount Drug Mart, Inc. v. Devos Ltd.*, No 1:12 CV 00386, 2013 WL 5820044 at *4 (N.D. Ohio Oct. 29, 2013).

Finally, Mayfield cites *Discount Drug Mart* for the proposition that incorporation of the Terms and Conditions Effective May 1, 2005, which includes the forum selection clause, will cause "surprise and hardship." However, this finding in *Discount Drug Mart* is distinguishable from this case.

The *Discount Drug Mart* court found that, despite incorporation language in a contract directing a party to the contract to a website that contained the terms and conditions, the terms and conditions did not become a part of the contract for that reason because the plaintiff retained the power to unilaterally modify the contract, which is not the case here, and because there was no indication that the website contained the relevant terms at the time the contract was executed, which is not the case here. The Discount Drug Mart also found the terms and conditions did not become a part of the contract because the terms and conditions had changed several times. In this case, NewPage has changed the terms and conditions since the 2012 Purchase Order but there is no indication that the Terms and Conditions Effective May 1, 2005 were not in existence on the website during 2012.

In the alternative, Mayfield seeks to transfer venue to the federal district court where the Wickliffe Mill is located. Mayfield asserts that this action could have been brought in the

-6-

Western District of Kentucky, Paducah Division, the witnesses to the incident are in Wickliffe, Kentucky, "it makes sense for the parties to litigate the action there," such a transfer will not be detrimental to the Plaintiffs because the Wickliffe Mill is located in Wickliffe, Kentucky, and NewPage's personnel with pertinent information are located at Wickliffe, Kentucky. However, as more fully set forth above, Ohio is the exclusive jurisdiction and venue agreed to by Mayfield. *See Atlanta Marine Construction Co. v. United States District Court for Western District of Texas*, 134 S. Ct. 568, 579 (2013)(a proper application of the transfer statute requires that a forum selection clause be given controlling weight in all but the most exceptional circumstances).

Mayfield argues that the Plaintiffs are overreaching in an attempt to enforce the forum selection clause. However, as more fully set forth above, Mayfield was or should have been aware of its agreement to the forum selection clause at issue here. This can hardly be said to be "overreaching" on the part of the Plaintiffs.

## CONCLUSION

In sum, the forum selection clause is enforceable as a matter of law. Mayfield has agreed that all disputes, including this one, arising out of the Contract shall be adjudicated in a court of competent jurisdiction in Ohio, and has consented to personal jurisdiction in Ohio. Therefore, Mayfield's Motion To Dismiss/Alternative Motion To Transfer (doc. #5) for lack of personal jurisdiction and improper venue must be overruled. This case remains on the docket of this Court to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Fourth day of December, 2014.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record